UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **VIRTUAL GAMING WORLDS and VGW HOLDINGS, LTD.,**<br><br>Petitioner,<br><br>v.<br><br>**HOPE MURNAGHAN,**<br><br>Respondent. | Civil Action No. 23-cv-13160 |

### PETITION TO CONFIRM ARBITRATION AWARD

1. Petitioner VGW Holdings Ltd. ("VGW"), by and through its undersigned counsel, hereby petitions the Court for confirmation of an arbitration award against Respondent Hope Murnaghan (the "Award"), pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C., *et seq*. (the "FAA"). A copy of the Award is attached as Exhibit 1 to the accompanying Declaration of Matthew D. LaBrie ("LaBrie Decl."). In support of this petition, VGW states as follows:

### THE PARTIES

2. VGW is a public limited company incorporated and headquartered in Australia. *See* Declaration of Michael Thunder ("Thunder Decl.") ¶ 2. VGW is thus a citizen of Australia for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). *See Global Dairy Solutions Pty Ltd. v. BouMatic LLC*, 523 F. App'x 421, 422 n.1 (7th Cir. 2013) (Australian limited company is "akin to a corporation in the United States," and thus the company "is an Australian citizen"); *see also Banks v. Saba*, 2021 WL 4342098, at *9 (D. Mass. Sept. 23, 2021) (finding that "foreign private limited companies" were citizens of country of organization and principal place of business);

1

*SHLD, LLC v. Hall*, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015) ("UK private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction.").

3. Respondent is, on information and belief, a domiciliary of the Commonwealth of Massachusetts and a resident of this District.

**JURISDICTION AND VENUE**

4. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this action is between a citizen of a foreign state (VGW) and a citizen of Massachusetts (Respondent), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Indeed, the Award dismissed with prejudice Respondent's claim in which she sought more than $75,000 from VGW, not including interest and costs. *See* Thunder Decl. ¶ 6.

5. This Court has personal jurisdiction over Respondent and venue is proper in this District because Respondent is, on information and belief, domiciled in Massachusetts and a resident of this District. Respondent also consented to personal jurisdiction and venue in "any court of competent jurisdiction" in connection with an action to confirm an arbitral award between the parties. *See* LaBrie Decl., Exhibit 2 (Terms) § 23.16 ("[A]ny motion . . . to enforce an arbitral award issued hereunder may be brought before any court of competent jurisdiction.").

**BACKGROUND**

6. VGW, through its subsidiaries VGW Malta Ltd. and VGW Luckyland, Inc., offers free-to-play casino-themed online social games. On or about December 16, 2022, Respondent filed a Demand for Arbitration against VGW under the Consumer Arbitration Rules of the American Arbitration Association ("AAA Consumer Rules"), in accordance with VGW's applicable Terms and Conditions for the games (the "Terms"). *See* LaBrie Decl., Exhibit 3 (Demand).[1]

---

[1] Respondent also named "Virtual Gaming Worlds" as a party, but no entity exists by that name.

7. The Terms mandate that any disputes between the parties be submitted to binding arbitration on an individual basis only, under the AAA Consumer Rules. *Id.*, Exhibit 2 § 22.

8. Section 22.12 of the Terms clearly and conspicuously states in all caps:

> NEITHER YOU NOR VGW GROUP WILL BE ENTITLED TO . . . ARBITRATE OR LITIGATE ANY DISPUTE IN A REPRESENTATIVE CAPACITY, INCLUDING AS A REPRESENTATIVE MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY.  IN CONNECTION WITH ANY DISPUTE (AS DEFINED ABOVE), ALL SUCH RIGHTS ARE EXPRESSLY AND UNCONDITIONALLY WAIVED.

LaBrie Decl., Exhibit 2 § 22.12 (capitalization in original).  The arbitrator referred to Section 22.12 in the Award as "the Waiver." *Id.*, Exhibit 1 (Award) at 3.

9. Section 20.3 of the Terms states, in pertinent part, that:

> TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, UNDER NO CIRCUMSTANCES WILL [VGW] . . . BE LIABLE TO YOU [RESPONDENT] FOR MORE THAN THE AMOUNT YOU HAVE PAID US IN THE THIRTY (30) DAYS IMMEDIATELY PRECEDING THE DATE ON WHICH YOU FIRST ASSERT ANY SUCH CLAIM. YOU ACKNOWLEDGE AND AGREE THAT IF YOU HAVE NOT PAID US ANY AMOUNTS IN THE THIRTY (30) DAYS IMMEDIATELY PRECEDING THE DATE ON WHICH YOU FIRST ASSERT ANY SUCH CLAIM, YOUR SOLE AND EXCLUSIVE REMEDY FOR ANY DISPUTE WITH US IS TO STOP USING THE PLATFORM AND TO CLOSE YOUR CUSTOMER ACCOUNT.

LaBrie Decl., Exhibit 2 § 20.3 (capitalization in original).

10. VGW's games are free to play, and players never need to make any purchases to continue playing the games. Nevertheless, Respondent claimed in the arbitration that VGW's games are unlawful gambling under Massachusetts law. *See* LaBrie Decl., Exhibit 3 (Demand) ¶¶ 8-9. Respondent alleged that she and other Massachusetts residents who played VGW's games spent money to purchase extra virtual coins that can only be used to play the games. *Id.* ¶¶ 5-7.

11. Respondent sought to recover the money she spent playing the games, in addition to the money spent by all other residents of Massachusetts who played the games in the year preceding the arbitration, ostensibly pursuant to M.G.L. ch. 137 § 1. *Id.* ¶ 12. That statute provides that anyone who loses money on unlawful gambling in Massachusetts may bring an action to recover his or her losses within three months, and if the loser does not timely bring an action, "any other person may sue for and recover in tort treble the value thereof." M.G.L. ch. 137 § 1.

12. The AAA appointed the sole arbitrator on June 28, 2023. *See* LaBrie Decl., Exhibit 4. The seat of the arbitration was Dennisport, Massachusetts. *Id.*, Exhibit 5.

13. The parties submitted briefing on the threshold legal issues of whether Respondent is barred from recovering the purchases of third parties, either under the Terms or under Massachusetts law. *Id.*, Exhibit 1 at 1. Briefing closed on October 6, 2023.

14. On November 1, 2023, the arbitrator issued the Award. The arbitrator held that Respondent is legally barred under both the Terms and Massachusetts law from seeking to recover purchases of third parties. *See* LaBrie Decl., Exhibit 1 at 8.

15. In particular, the arbitrator held that the Terms bar Respondent from recovering the purchases of third parties for two separate and independent reasons:

> First, and most importantly, Claimant agreed in Terms Section 20.3 that her maximum recovery and her sole and exclusive remedy is what she paid—$10. The terms of Section 20.3 could not be clearer. This alone bars Claimant from proceeding with her claim of "any other person" under Ch. 137. Note also that Claimant brought her claim under the AAA Consumer Arbitration Rules, which are the arbitration equivalent of small claims court. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 94-95 (2000) (Ginsburg concurring).
>
> Second, the Waiver [Section 22.12] bars Claimant from proceeding to recover anything beyond the $10 she spent . . .
>
> Her [third-party recovery] claim, although it is based on losses by other persons, is for herself and not on behalf of other persons. Yet,

4

> it is a private attorney general claim. See *LeClair v. Town of Norwell*, 430 Mass. 328, 332 (1999) and other cases cited by Respondent. Claimant appears to agree. See Claimant Brief p. 7.
>
> It is clear from reading the Terms and the Waiver, and looking at that document as a whole, giving it its common sense interpretation, that the intent was to waive not just representative claims but also private attorney general claims.

LaBrie Decl., Exhibit 1 at 4-5.

16. The arbitrator further held that under Massachusetts law, specifically M.G.L. ch. 137 § 1, Respondent is barred from recovering the alleged gambling losses of unidentified and unrelated third parties, as the "plain and ordinary meaning" of the statute gives rights to "any <u>other</u> person," distinct from the individual Respondent, to recover third parties' losses. LaBrie Decl., Exhibit 1 at 6 (underlining in original). The arbitrator determined that "[n]owhere in [M.G.L. ch. 137 § 1] is there an indication that a single 'other person' could sue to recover what ***everyone else in Massachusetts*** lost." *Id*. (emphasis added). The arbitrator emphasized the need for "far more specificity" in allowing such an "extraordinary right" than what is contained in the statute. *Id*.

17. Thus, the arbitrator dismissed with prejudice Respondent's claim to recover the purchases of third parties under M.G.L. ch. 137 § 1. The arbitrator also suggested that Respondent's claim to recover her own purchases was time-barred under Section 20.3 of the Terms, which limits Respondent's recovery to the money she spent on the games "in the thirty (30) days immediately preceding the date on which" she commenced the arbitration. *Id.*, Exhibit 1 at 7. After the arbitrator issued the Award, the parties agreed that no further proceedings were necessary. *Id.*, Exhibit 6 at 1. The arbitrator issued an order closing the arbitration on November 15, 2023. *Id.*, Exhibit 7 at 1.

18. VGW denies its games are gambling under Massachusetts law, but that issue was neither briefed nor decided by the arbitrator given his disposition on other grounds.

**ARGUMENT**

19. Under Section 9 of the FAA, this Court must enforce an arbitral award that has not been vacated, modified, or corrected. *See* 9 U.S.C § 9 (upon a timely application to confirm an arbitral award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title"). "Confirmation is meant to be a summary proceeding, in some ways an administrative formality, under the FAA[.]" *W. Mass. Elec. Co. v. Int'l Bhd. of Elec. Workers, Loc. 455*, 2012 WL 4482343, at *8 (D. Mass. Sept. 27, 2012); *see also Ebbe v. Concorde Inv. Servs., LLC*, 392 F. Supp. 3d 228, 242 (D. Mass. 2019), *aff'd on other grounds*, 953 F.3d 172 (1st Cir. 2020) ("In the absence of a reason to vacate, modify, or correct an arbitration award, a district court must confirm it."). "Judicial review of binding arbitration awards is necessarily limited so as to maintain arbitration's essential virtue of resolving disputes straightaway." *Farnsworth v. Towboat Nantucket Sound, Inc.*, 790 F.3d 90, 99 (1st Cir. 2015) (quotations and citations omitted). Accordingly, where a party seeks confirmation of an arbitral award, "'the court ***must*** grant such an order unless the award is vacated, modified, or corrected as prescribed in' 9 U.S.C. § 10 and § 11." *Id*. (emphasis in original) (quoting 9 U.S.C. § 9).

20. Here, the Award dismissed Respondent's claim for recovery of third parties' in-game purchases with prejudice. The Award must be confirmed because it has not been vacated, modified, or corrected. In fact, Respondent consented to closure of the arbitration in its entirety after the Award was issued, affirmatively indicating that she has no intent to file a petition under the FAA to vacate, modify, or correct the Award. Since Respondent has affirmatively indicated that she does not intend to seek vacatur, modification, or correction of the Award, the Award can and should be confirmed by this Court.

**REQUEST FOR RELIEF**

21.     For the reasons set forth above, VGW respectfully requests that the Court enter an order and judgment confirming the Award pursuant to 9 U.S.C. § 9 and granting VGW such other and further relief as the Court deems just and proper.

Dated: December 20, 2023                     Respectfully submitted,

*/s/ Matthew D. LaBrie*
Matthew D. LaBrie (BBO No. 693698)
mlabrie@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite #2000
Boston, MA 02116
T: +1 617 880 1800
F: +1 617 880 1801

*Attorney for Petitioner VGW Holdings Ltd.*