# Exhibit 1

**AMERICAN ARBITRATION ASSOCIATION**

AAA Case No. 01-22-0005-2750

Consumer Arbitration Rules

**HOPE MURNAGHAN,**

        Claimant

**V.**

**VIRTUAL GAMING WORLDS and
VGW HOLDINGS LTD.,**

        Respondents

**DECISION ON THRESHOLD LEGAL ISSUES**

This matter, having come before Arbitrator James E. Purcell for a Decision on "Threshold Legal Issues" under the American Arbitration Association's Consumer Arbitration Rules, the following is hereby determined.

I. **INTRODUCTION**: The following issues were submitted to the Arbitrator for decision:

1. Whether Claimant Hope Murnaghan is barred by contract from pursuing her claim to recover third parties' purchases made playing Respondents' casino-themed online computer games ("Games"); and
2. Whether Claimant has authority under Massachusetts law to pursue her claim for recovery of third parties' purchases.

1

The above issues are taken directly from Respondents' Initial Brief. The Claimant did not dispute that those were the issues before the Arbitrator.

Claimant apparently took whatever digital steps were necessary to bind herself to Respondents' terms of use for the Games ("Terms") (Ex. R-2). Despite the fact that the Terms provide that New York law governs, the Parties have briefed this matter as if Massachusetts law governs and Respondent specifically stated in its Initial Brief at p. 4 that while it contests the applicability of M.G.L.A Ch. 137 sect. 1 ("Ch. 137"), for purposes of "this brief only, assumes it may apply."

And yet, confusingly, Respondent on some issues cites New York law claiming that it controls. What the Arbitrator concludes from all of this is that he will decide this matter presuming that Massachusetts law does apply for purposes of this Arbitration.

The Arbitrator understands that he is not being asked to decide:
1. Anything under New York law.
2. Whether the correct Respondents are parties to this proceeding.
3. Whether the Games are gambling, gaming or chance (broadly hereinafter "Gambling") within the meaning of Ch. 137. For purposes of this proceeding, Respondent in its Initial Brief implies that the Arbitrator may assume that the Games are Gambling. (Initial Brief p. 3, where Respondent states: "Respondent denies its games are "gambling" under Massachusetts law, but that issue is not relevant to this motion.")

II. <u>FACTUAL BACKGROUND</u>: It appears that the facts of this matter are undisputed.

Claimant took whatever steps were necessary, online, to bind herself to the Terms, such as they are, unless such Terms are unenforceable under Massachusetts law.

2

When Claimant first opened her account on the Respondents' Game *Chumba Casino* on March 18, 2022, she received a free cache of digital coins. When she ran through those, she made a single $10 purchase of additional coins for additional playing time also on March 18, 2022 (apparently money is not won on this Game–just more playing time) and last logged in on March 20, 2022. Ex. R-1. Apparently Claimant did not "win" and therefore "lost" her $10 worth of additional coins no later than March 20, 2022.

The Arbitrator notes that the allegations of the Demand filed with the AAA differ from the foregoing claiming the loss of hundreds or thousands of dollars, but given that Claimant did not dispute Respondents' summary of the fact, we will adopt them as the undisputed facts of the Arbitration.

Given Respondent's implication that for purposes of this proceeding, *Chumba Casino* is Gambling, a further description of the Game serves no interest..

Claimant seeks to recover not just the $10 she spent on the Games, but also treble the value of all other money collected by Respondents from Massachusetts residents in accordance with M.G.L.A. Ch. 137, section 1. See Demand Para. 11 (misnumbered in the Demand).

III. <u>LEGAL BACKGROUND</u>: Ch. 137 reads in pertinent part:

> "Whoever…loses to a person so playing or betting money… and pays…may recover such money…in contract; and if he does not within three months after such loss…, without covin or collusion, prosecute such action with effect, any other person may sue for and recover in tort treble the value thereof."

Despite the myriad of gambling that goes on in today's times, other than the types of gambling permitted by M.G.L.A. Ch. 23K, gambling remains illegal in Massachusetts. And we've assumed that the Games are Gambling.

Section 22.12 (the "Waiver") of the Terms reads in pertinent part:

3

> " Neither you nor VGW Group will be entitled to …arbitrate or litigate any dispute in a representative capacity, including as a representative member of a class or in a private attorney general capacity. In connection with any Dispute (as defined above), all such rights are expressly and unconditionally waived."

**Claimant also agreed in the Terms that any dispute with Respondents may only be brought on an individual basis. Terms, sections 22, 22.7(b), and 22.9.**

**Claimant further agreed that her sole and exclusive remedy in any dispute with Respondents is limited to "The amount you have paid us in the thirty (30) days immediately preceding the date on which you first assert any such claim." Terms, section. 20.3.**

**Claimant also agreed that all of the foregoing provisions in the Terms "are material and bargained-for bases of these terms and that they have been taken into account and reflected in the decision by you to enter into these terms." Terms, section 20.4.**

## IV. DECISION:

### A. DID THE WAIVER AND TERMS BAR CLAIMANT FROM PURSUING HER CLAIM?

It is difficult to imagine how much clearer the Terms could be as to their intent to require Claimant to waive any possible claim other than her individual claim for $10.

First, and most importantly, Claimant agreed in Terms Section 20.3 that her maximum recovery and her sole and exclusive remedy is what she paid—$10. The terms of Section 20.3 could not be clearer. This alone bars Claimant from proceeding with her claim of "any other person" under Ch. 137. Note also that Claimant brought her claim under the AAA Consumer Arbitration Rules, which are the arbitration equivalent of small claims court. See *Green Tree Fin. Corp-Ala. V. Randolph*, 531 U.S. 79, 94-95 (2000)(Ginsburg concurring).

4

Second, the Waiver also effectively bars Claimant from proceeding to recover anything beyond the $10 she spent.

Claimant relies on the absence of a comma in the phrase "...in a representative capacity, including as a representative member of a class [missing comma] or in a private attorney general capacity." The argument goes as follows: This Waiver waives only representative claims and not private attorney general claims of the sort brought by Claimant because the phrase "or in a private attorney general capacity" is an included term in the preceding "representative capacity."

It is true that the claim by Claimant is not a representative claim. Her claim, although it is based on losses by other persons, is for herself and not on behalf of other persons. Yet, it is a private attorney general claim. See *LeClair v. Town of Norwell*, 430 Mass. 328, 332 (1999) and other cases cited by Respondent. Claimant appears to agree. See Claimant Brief p. 7.

It is clear from reading the Terms and the Waiver, and looking at that document as a whole, giving it its common sense interpretation, that the intent was to waive not just representative claims but also private attorney general claims. The absence of a comma does not change that. While Respondent cites New York law for the foregoing proposition, for purposes of this Decision, we are limiting ourselves to Massachusetts law (what we were asked to do).

Massachusetts law similarly requires us to read contractual provisions in the context of the whole agreement using common sense, and not in isolation or reaching absurd results. Under Massachusetts law, courts generally construe a contract as a whole, in a reasonable and practical way, consistent with its language, background, and purpose. They consider the words of a contract in the context of the entire writing rather than in isolation. *Rubin v. Murray, 943 N.E. 2d 949, 960 (Mass. App.Ct. 2011)*. Words in contracts are to be construed in their ordinary and usual sense. *Colorio v. Marx, 892 N.E. 2d 356, 361 (Mass. App. Ct. 2008)*. See also *Polito v. School Committee of Peabody, 868 N.E.2d 624, 626-27 (Mass. App. 2007)*.

It would be an absurd result to read the Waiver to prohibit claims to recover losses on behalf of others but to allow claims to recover the very same losses if Claimant keeps the money herself.

Moreover, to read the Waiver as argued by Claimant would render meaningless the provision in Terms section 20.3 limiting recovery to amounts Claimant has paid. This is contrary to Massachusetts law regarding contract interpretation which requires looking at the entire document and giving meaning to all of its provisions.

### B. DO THE TERMS OF CH. 137, SECTION 1, PROVIDE CLAIMANT WITH THE RIGHT TO RECOVER GAMBLING LOSSES OF MULTIPLE GAMBLERS OR JUST A SINGLE PLAYER OR JUST HERSELF?

The Parties have not cited any cases resolving this issue. Thus, the Arbitrator assumes that this is an issue of first impression under this rather ancient Massachusetts law.

Ch. 137, section 1, is rather straight-forward. Giving each word its plain and ordinary meaning, first, the statute gives rights to recover third parties' losses to "any _other_ person (emphasis added)." Other than who? It has to be other than the person who has the claim for losses, namely Claimant. Thus, Claimant seems to be barred as she is not by definition an "other" person.

Moreover, the right given to this hypothetical "other person" is to "sue for and recover in tort treble the value _thereof_ (emphasis added)." What does the word "thereof" refer to? A common sense reading is that it refers to "such money" as the individual hypothetical person referred to in Section 1 lost. Nowhere in Section 1 is there an indication that a single "other person" could sue to recover what everyone else in Massachusetts lost. Such an extraordinary right requires far more specificity than is contained in Ch. 137.

6

Accordingly, even if Ch. 137 were read to give Claimant the right to sue on behalf of another person, it is determined that Ch. 137 does not give Claimant the right to sue for the losses of more than one gambler.

Thus, unless Claimant is time-barred (see below), she is limited to pursuing her own $10 claim.

### C. ARE THE WAIVER OR TERMS VOID UNDER MASSACHUSETTS LAW?

First the Terms and the Waiver do not require Claimant to waive her own claim for $10. But they do require her to waive her claim for losses by third parties.

As such, under those circumstances, does Massachusetts law void such Terms and Waiver? The answer is no. As argued by Respondent, the "right" that Claimant seeks to vindicate is a recovery of potentially millions of dollars for her own benefit. If it did exist (which it does not), it would be a property right of hers, and not a statutory right that protects the general public.

Lastly, there is nothing in the Waiver or Terms requiring Claimant to relinquish her right on her own behalf to recover what she spent. Thus, a remedy remains in effect, but limited to what the Claimant spent.

And even if Massachusetts law did void the Waiver and Terms based on public policy, Claimant has no statutory right to recover more than one individual's losses under Ch. 137.

### D. CLAIMANT'S INDIVIDUAL CLAIM FOR $10.

Terms Section 20.3 limit Claimant to recovering the $10 she paid to Respondents "...in the thirty (30) days immediately preceding the rate on which you first assert any such claim." Her losses occurred on March 18, 2022 when she made her single $10 purchase. Her Demand for this Arbitration was dated December 16, 2022.

7

That being said, the Arbitrator leaves it to the Parties to determine how to proceed with that claim given footnote 3 of Respondents' Initial Brief which says that this issue will be addressed at a later stage.

In light of this Decision it is unnecessary to address Claimant's argument in its Reply Brief that the FAA requires that the Arbitrator enforce the Waiver. While it is true that Respondents briefly mentioned the FAA's applicability to Clause 22 in its Initial Brief, it did not make the argument that the FAA requires the Arbitrator to enforce the Waiver until its Reply Brief. Claimant had no opportunity to respond to this argument. Thus, in fairness, were I to rule based on this issue alone, I would want to give Claimant an opportunity to respond to Respondents' argument. However, in light of the foregoing, that will not be necessary.

V. CONCLUSION: The preliminary issues raised in this proceeding are resolved as follows:

1. Whether Claimant Hope Murnaghan is barred by contract from pursuing her claim to recover third parties' purchases made playing Respondent's casino-themed online computer games: Claimant is so barred.
2. Whether Claimant has authority under Massachusetts law to pursue her claim for recovery of third parties' purchases. Claimant does not have such authority, and even if she did, it would be only for a single third party.

_____
James E. Purcell, Arbitrator
Dated: 11.1.23