# Exhibit 3

## BEFORE THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| HOPE MURNAGHAN, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| VIRTUAL GAMING WORLDS and | ) |
| VGW HOLDINGS, LTD., | ) |
| | ) |
| Respondent. | ) |

## DEMAND FOR ARBITRATION

1. Hope Murnaghan is an adult resident citizen of Barnstable County, Massachusetts.

2. Respondents Virtual Gaming Worlds and VGW Holdings Ltd. (collectively "VGW") are the owners and developers of two websites, Chumba Casino and Luckyland, that allow users to play gambling games, including table games like blackjack and poker, and simulated slot machines.

3. Ms. Murnaghan, an unsophisticated consumer, went to these websites, created an account, and played the gambling games thereon.

4. Among other offerings, the websites contain games that operate exactly as casino slot machines do. Each game features a grid of multiple simulated reels that spin, and the consumer wins or loses based on the alignment of symbols on the reels, just as they would on a physical slot machine.

5. The "winning" and "losing" on the websites is typically done with "coins." When a consumer such as Ms. Murnaghan initially signs up to create an account on the website, he or she receives a number of these coins for free. The consumer can play for free until losing this initial allotment of coins.

6. Ms. Murnaghan played through the initial allotment and then began buying coins sold on the website. These coins' sole purpose is to be used to play the slot machines on Respondent's website.

7. When she ran out of coins, Ms. Murnaghan was forced to either stop playing the games or spend actual money to purchase more coins. On numerous occasions, Ms. Murnaghan purchased additional coins to be able to keep playing. Within the statute of limitations, Ms. Murnaghan spent hundreds or thousands of dollars to play the illegal games at Respondent's websites.

8. The slot machine games on those websites are indeed illegal in the state of Massachusetts. Any game of chance, such as a slot machine, that awards players money or any other thing of value based on chance outcomes is prohibited. M.G.L.A. § 271 5A; M.G.L.A. 140 § 177(2); M.G.L.A. 23 K § 2.

9. The games offered on VGW's websites constitute illegal slot machines, under Massachusetts law:

> a mechanical, electrical, or other device, contrivance or machine, which, upon insertion of a coin, token, or similar object therein, or content of any consideration whatsoever, is available to play or operate, the play or operation of which, whether by reason of the skill of the operator or application of the

element of chance, or both, may deliver or entitle the individual playing or operating the machine to receive cash, or tokens to be exchanged for cash, or receive merchandise or **any other thing of value**, whether the payoff is made automatically from the machine or in any other manner…

M.G.L.A. 23K § 2.

10. Free plays are considered a thing of value under Massachusetts law. <u>Commonwealth v Rivers</u>, 323 Mass. 379, 82 N.E. 2d 216 (1948); <u>United States v Two Hollycrane Slot Machines</u>, 136 F.Supp. 500 (U.S. Dist. Ct. Mass. 1955). The award of in-app credits allowing for continued play on the VGW websites violates Massachusetts' laws prohibiting gambling and slot machines.

11. VGW, by operating illegal slot machines on its websites, violates M.G.L.A 271 § 5A, which prohibits the sale and maintenance of gambling devices.

12. Under M.G.L.A. 137 § 1 § 3763.02, a person who loses money or other thing of value gambling on slot machines may recover their losses through a civil action:

> Whoever, by playing at cards, dice or other game, or by betting on the sides or hands of those gaming, except for gaming conducted in licensed gaming establishments pursuant to chapter 23K, loses to a person so playing or betting money or goods, and pays or delivers the same or any part thereof to the winner, or whoever pays or delivers money or other ting of value to another person for or in consideration of a lottery, policy or pool ticket, certificate, check or slip, or for or in consideration of a chance of drawing or obtaining any money, prize or other ting of value in a lottery or policy game, pool or combination, or other bet, may recover such money or the value of such goods in contract; and if does not within three months after such loss payment or

deliver, without covin or collussion, prosecute such action with effect, any other person may sue for and recover in tort treble the value thereof.

M.G.L.A. 137 § 1.

11.     Pursuant to this section, Claimant Hope Murnaghan seeks recovery of the amount she personally lost to VGW and treble the value of all other money collected by VGW from Massachusetts residents in accordance with M.G.L.A. 137 § 1.

*/s/Andrew Wheeler-Berliner*
Andrew Wheeler-Berliner
Davis Norris, LLP